**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 3 2015

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VALENTINE HANSEN & COMPANY, INC.                        **PLAINTIFF**

VS.                              NO. 4:15CV680-BSM

SPOKANE HOOPFEST ASSOCIATION                            **DEFENDANT**

### COMPLAINT FOR DECLARATORY JUDGMENT
### AND DAMAGES

Comes now the plaintiff, Valentine Hansen & Company, Inc., and for its Complaint for

Declaratory Judgment and Damages against Spokane Hoopfest Association, states:

1.      Valentine Hansen & Company, Inc. ("Hansen") is an Arkansas corporation with

its principal place of business in Little Rock, Arkansas.  Hansen is the owner and licensor of the

1989 United States Trademark Registration No. 1,552,319, including both the word and design

components:



(hereinafter the "Hansen Mark").  The Hansen Mark is incontestable pursuant to 15 U.S.C. §

1065.  A copy of the Hansen Mark registration is attached as Exhibit "1."  Hansen has renewed

the registration and the registration is currently in effect.

2.      Spokane Hoopfest Association ("SHA") is a non-profit corporation, incorporated

under the laws of Washington, with its principal place of business in Spokane, Washington.  The

1       This case assigned to District Judge _Miller_
        and to Magistrate Judge _Kearney_

registered agent for service of Summons and Complaint for SHA is Terry Kelly, 601 West Riverside Avenue, #296, Spokane, Washington 99201.

3.      SHA was created in 1990 to organize, promote and operate three-on-three basketball tournaments in Spokane, Washington. Desiring to use the name "Hoopfest" and variations thereof for purposes of organization, promotion and operation of its basketball tournaments, in 1991 SHA sought out Hansen in Arkansas and requested from him the opportunity to license the Hansen Mark. As a result of that contact, SHA entered into a License Agreement with Hansen in Arkansas on April 29, 1991 for purposes of obtaining a license "from Hansen to license the future use of the mark Hoopfest in connection with a basketball tournament to be held periodically in Spokane, Washington" and SHA agreed that "This Agreement shall be interpreted and governed by the laws of the State of Arkansas" (the License Agreement contains a confidentiality provision, ¶15, and thus is not attached as an exhibit, but a copy of which is in the possession of both parties and will be provided to the Court under anticipated Protective Order). The License Agreement was accepted by Hansen in Arkansas. This Complaint arises out of the terms of that License Agreement contract, violation of 15 U.S.C. § 1114, *et seq.*, and applicable law.

4.      This Court has personal jurisdiction over the parties as SHA has reached out beyond its home state to Arkansas and has intentionally created a twenty-four year continuous contractual relationship with obligations to Hansen in exchange for benefits from Hansen, and as such has purposefully availed itself of the privilege of conducting activities in Arkansas. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1121. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

5.      Hansen created and first began using the Hansen Mark in Arkansas in 1988 in conjunction with its own three-on-three basketball tournament which continued with great

2

success and popularity in Arkansas through 2000. During those years, Hansen used the Hansen Mark and also licensed the Hansen Mark to licensees in other geographic regions of the country for use in conjunction with basketball tournaments. The Hansen Mark used during those years by Hansen and the licensees in commerce occasionally contained non-material typographical differences, such as "HOOP-FEST," "HOOPFEST," "Hoopfest," "HoopFest," and "HOOPFEST." The Hansen tournament continued through 2000, and thereafter Hansen maintained the Hansen Mark and use in commerce on its website for the purposes of advertising and licensing to various other licensees (including SHA), and for additional direct use by Hansen in the future. Hansen has continuously used the Hansen Mark in commerce, up to and including the current date, through the license of the mark and its website throughout the years since 2000.

6.       SHA licensed the Hansen Mark continuously year after year, from 1991 through the current date (24 years), regularly paying to Hansen in Arkansas the contracted annual licensing fee for use of the Hansen Mark.

7.       Using elements of the Hansen Mark under the authority of the License Agreement with Hansen, SHA's three-on-three tournament has grown in popularity and prominence over the past 24 years. SHA has promoted, marketed and operated its tournament and related business activities using the Hansen Mark words "Hoopfest," "HOOP FEST," "HOOPFEST" and "HOOP FEST" (see Exhibit "2," from the SHA website). By June, 2015, SHA's annual Hoopfest event featured over 7,000 teams and was, for the first time, featured on ESPN's SportsCenter™, bringing even further notoriety to the SHA program and the Hansen Mark.

8.       Paragraph 7 of the License Agreement between Hansen and SHA provides:

Licensee [SHA] acknowledges the validity of and ownership by Hansen of Hansen's Hoopfest mark and in connection with basketball tournaments agrees to take no action that would prejudice or interfere with that validity or ownership and that Licensee has an affirmative duty to report to Hansen any improper use of the mark Hoopfest that is within the knowledge of the Licensee.

3

9.     In 2014, Matt Santangelo became Executive Director of SHA.  Within a few months, and without notice to Hansen, on January 20, 2015, SHA filed two Applications with the United States Patent and Trademark Office ("USPTO") in an effort to register *as its own* trademark, the "HOOPFEST" word taken from the licensed Hansen Mark, both for purposes of organizing and conducting basketball tournaments, and also for use in marketing and selling athletic bags, shirts, shorts, socks, sweatshirts and T-shirts (see Exhibits "3" and "4," attached hereto).  In so doing, Mr. Santangelo represented to the USPTO:

> The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive.  The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.
>
> Signature: /Matt Santangelo/Date Signed:  01/20/2015.

In SHA's effort to circumvent the federally-protected trademark rights of Hansen, Mr. Santangelo failed to mention to the USPTO that SHA was a current, and long term, licensee of the Hansen Mark, which contained the very word SHA was attempting to register as its own.

10.     The USPTO examining attorney has, in Office Actions dated April 23, 2015 and May 2, 2015, denied SHA's Application, stating, "Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 1,552,319 [the Hansen Mark] ... and the wording present in the two marks is nearly identical, HOOPFEST vs. HOOP-FEST" (see Exhibit "5," attached hereto).

11.     SHA has now recently threatened Hansen that it may initiate a cancellation proceeding with the USPTO to cancel the Hansen Mark.

## COUNT I
## DECLARATION OF BREACH OF CONTRACT

12.     Paragraphs 1-11 set forth above are incorporated as a part of this Count I as if set forth herein word for word.

13.     Pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. Pro., Hansen is entitled to a declaration from this Court:

(a)    That the License Agreement has been breached by SHA due to violation of paragraph 7;

(b)    That due to its breach, SHA has forfeited all of its rights pursuant to the License Agreement and that said License Agreement is terminated as of January 20, 2015, including any and all rights of use of the Hansen Mark, and/or any other mark that is confusingly similar in any respect to the Hansen Mark, including the use of the word "Hoopfest" or any typographical variation thereof; and

(c)    That Hansen be entitled to recover its costs and attorney's fees incurred in bringing this action pursuant to Arkansas law and the terms of the License Agreement.

## COUNT II
## DECLARATION OF VIOLATION OF 15 U.S.C. § 1114

14.     Paragraphs 1-13 set forth above are incorporated as a part of this Count II as if set forth herein word for word.

15.     Pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. Pro., Hansen is entitled to a declaration from this Court:

(a)    That the Hansen Mark is incontestable pursuant to 15 U.S.C. § 1065;

(b)    That as of January 20, 2015, SHA has violated, and is continuing to violate, 15 U.S.C. § 1114 by using in commerce a reproduction and colorable imitation of the

registered Hansen Mark in connection with the sale, offering for sale, distribution and/or advertising of goods and/or services which, on and in connection with such use, is likely to cause confusion, mistake or to deceive;

(c)     That SHA has engaged in the conduct set forth herein with knowledge that the reproduction and imitation is intended to be used to cause confusion, mistake and/or to deceive;

(d)     That Hansen is entitled to recover SHA's profits, Hansen's own damages and the costs of bringing this action pursuant to 15 U.S.C. § 1117; and

(e)     That if SHA continues usage of the word "Hoopfest" or any confusingly similar variation thereof following this declaration, Hansen is entitled to a permanent injunction against all future infringement as set forth in 15 U.S.C. § 1116.

**COUNT III**
**DECLARATION OF LICENSEE ESTOPPEL**

16.     Paragraphs 1-15 set forth above are incorporated as a part of this Count III as if set forth herein word for word.

17.     Pursuant to 28 U.S.C. § 2201 and Rule 57, Fed. R. Civ. Pro., Hansen is entitled to a declaration from this Court:

(a)     That SHA is barred by the doctrine of licensee estoppel from contesting the validity of the Hansen Mark, including, without limitation, taking any action seeking the cancel the Hansen Mark; and

(b)     That SHA is barred by the doctrine estoppel from asserting any defenses to the incontestability of the Hansen Mark as set forth in 15 U.S.C. § 1115 or common law.

## COUNT IV
## RECOVERY OF DAMAGES

18.     Paragraphs 1-17 set forth above are incorporated as a part of this Count IV as if set forth herein word for word.

19.     Upon grant of the declaratory relief set forth above, and upon presentation of evidence following discovery, Hansen is entitled to recover:

(a)     Any profits of SHA received since January 20, 2015 using any elements of the Hansen Mark, including the word "Hoopfest," due to trademark infringement;

(b)     Damages incurred by Hansen as a consequence of SHA's breach of contract (including the attorney's fees incurred in responding to the actions of the breach by SHA set forth herein) and trademark infringement;

(c)     Treble damages pursuant to 15 U.S.C. §1117;

(d)     Statutory damages pursuant to 15 U.S.C. §1117; and

(e)     Hansen's costs and attorney's fees incurred in bringing this action pursuant to the License Agreement, Ark. Code Ann. § 16-22-308 and 15 U.S.C. §1117.

20.     Hansen requests a trial by jury on all issues of fact pursuant to Rule 38, Fed. R. Civ. Pro.

21.     Hansen reserves the right to amend and pursue additional damages in the event it is determined following discovery that SHA has used or licensed to others the use of the Hansen Mark, or any element thereof, outside of the geographic scope of the License Agreement.

### RELIEF SOUGHT

WHEREFORE, plaintiff, Valentine Hansen & Company, Inc., prays that it receive judgment over and against Spokane Hoopfest Association based upon this Complaint for Declaratory Judgment and Damages and that it be granted the following relief:

7

(1)     That this Court enter a declaratory judgment that the License Agreement has been breached by SHA due to violation of paragraph 7;

(2)     That this Court enter a declaratory judgment that due to its breach, SHA has forfeited all of its rights pursuant to the License Agreement and that said License Agreement is terminated as of January 20, 2015, including any and all rights of use of the Hansen Mark, and/or any other mark that is confusingly similar in any respect to the Hansen Mark, including the use of the word "Hoopfest" or any typographical variation thereof;

(3)     That this Court enter a declaratory judgment that Hansen be entitled to recover its costs and attorney's fees pursuant to the License Agreement in bringing this action;

(4)     That this Court enter a declaratory judgment that the Hansen Mark is incontestable pursuant to 15 U.S.C. § 1065;

(5)     That this Court enter a declaratory judgment that as of January 20, 2015, SHA has violated, and is continuing to violate, 15 U.S.C. § 1114 by using in commerce a reproduction and colorable imitation of the registered Hansen Mark in connection with the sale, offering for sale, distribution and/or advertising of goods and/or services which, on and in connection with such use, is likely to cause confusion, mistake or to deceive;

(6)     That this Court enter a declaratory judgment that SHA has engaged in the conduct set forth herein with knowledge that the reproduction and imitation is intended to be used to cause confusion, mistake and/or to deceive;

(7)     That this Court enter a declaratory judgment that Hansen is entitled to recover SHA's profits, Hansen's own damages and the costs of bringing this action pursuant to 15 U.S.C. § 1117;

(8)     That this Court enter a declaratory judgment that if SHA continues usage of the word "Hoopfest" or any confusingly similar variation thereof following this declaration, Hansen is entitled to a permanent injunction against all future infringement as set forth in 15 U.S.C. § 1116;

(9)     That this Court enter a declaratory judgment that SHA is barred by the doctrine of licensee estoppel from contesting the validity of the Hansen Mark, including, without limitation, taking any action seeking to cancel the Hansen mark;

(10)    That this Court enter a declaratory judgment that SHA is barred by the doctrine estoppel from asserting any defenses to the incontestability of the Hansen Mark as set forth in 15 U.S.C. § 1115 or common law;

(11)   That Valentine Hansen & Company, Inc. receive judgment in its favor for any profits of SHA received since January 20, 2015 using any elements of the Hansen Mark, including the word "Hoopfest," due to trademark infringement;

(12)   That Valentine Hansen & Company, Inc. receive judgment in its favor for damages incurred by Hansen as a consequence of SHA's breach of contract (including the attorney's fees incurred in responding to the actions of the breach by SHA) set forth herein and trademark infringement;

(13)   That Valentine Hansen & Company, Inc. receive judgment in its favor for treble damages pursuant to 15 U.S.C. §1117;

(14)   That Valentine Hansen & Company, Inc. receive judgment in its favor for statutory damages pursuant to 15 U.S.C. §1117; and

(15)   That Valentine Hansen & Company, Inc. receive judgment in its favor for Hansen's costs and attorney's fees incurred in bringing this action pursuant to the License Agreement, Ark. Code Ann. § 16-22-308 and 15 U.S.C. §1117; and

For any and all other relief to which it may be entitled.

**FRIDAY, ELDREDGE & CLARK, LLP**
400 West Capitol, Suite 2000
Little Rock, AR 72201-3522
Telephone:    501-370-1564
Facsimile:    501-244-5380
E-Mail:    wilson@fridayfirm.com

Attorneys for Plaintiff
Valentine Hansen & Company, Inc.

By:_____
DAVID D. WILSON, #90112

# EXHIBIT "1"

Int. Cl.: 41

Prior U.S. Cl.: 107

**Reg. No. 1,552,319**

## United States Patent and Trademark Office   Registered Aug. 15, 1989

### SERVICE MARK
### PRINCIPAL REGISTER



VALENTINE HANSEN AND COMPANY, INC.
(ARKANSAS CORPORATION)
400 NORTH VAN BUREN
LITTLE ROCK, AR 72205

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF BASKETBALL TOURNAMENTS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 6-4-1988; IN COMMERCE 6-4-1988.

THE STIPPLING IS A FEATURE OF THE MARK AND DOES NOT REPRESENT COLOR.

SER. NO. 764,753, FILED 11-21-1988.

MARY KAY MCDONALD, EXAMINING ATTORNEY

# Exhibit "2"



Market Research Findings:

1998 Hoopfest Survey

1998 Hoopfest Data

2006 Hoopfest Survey

2006 Hoopfest Data

2013 Hoopfest Survey

2013 Hoopfest Data

2014 Hoopfest Survey

2014 Hoopfest Data

2014 Hoopfest Random Sampling

      

**PLAY**
Where does my team fit?
Standard & Other Divisions
Elite Divisions
Court Sizes
Rules & The Spirit of Hoopfest

**THE EVENT**
Weekend Highlights
High School Elite Center Court
CenturyLink Event Map
Official Hoopfest Poster

**ORGANIZATION**
History
Charity
Our Team
Areas Of Involvement
Request For Donations
Tournament Opportunities
Eric Fox Memorial Fund

**PLAN YOUR STAY**
Getting to Spokane
Hotels
Parking
STA Hoop Loop Shuttle

**VOLUNTEER**

**SPONSOR**
Sponsorship Levels
Major Sponsors
Official Sponsors
Official Media Sponsors
Supporting Sponsors
Court Sponsors

**CONTACT**

**SOCIAL**

**FAQS**

**TEAM TRACKER**

Physical Address
Spokane Hoopfest
601 West Riverside
Suite 206
Spokane, WA 99201

Mailing Address
Spokane Hoopfest
P.O. Box 599
Spokane, WA 99210

Phone
(509) 624-2414

Fax
(509) 624-0868

CONTACT US

Stay connected  f  ▼  You▶Tube  ℗    

**Subscribe to our Newsletter**   Email address here                     SUBMI

Copyright © 2013 Spokane Hoopfest Association All rights reserved

Sign In

# Exhibit "3"

PTO Form 4.273 (Rev 5/2u 16)
OMB No. 0b5 J7.0.1 (Exp 07/31/2018)

# Trademark/Service Mark Application, Principal Register

# TEAS Plus Application

**Serial Number: 86508877**
**Filing Date: 01/20/2015**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | YES |
| **MARK INFORMATION** | |
| ***MARK** | HOOPFEST |
| ***STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | HOOPFEST |
| ***MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| ***OWNER OF MARK** | Spokane Hoopfest Association |
| ***STREET** | 601 West Riverside Ave, Suite 206 |
| ***CITY** | Spokane |
| ***STATE** (Required for U.S. applicants) | Washington |
| ***COUNTRY** | United States |
| ***ZIP/POSTAL CODE** (Required for U.S. applicants) | 99201 |

## LEGAL ENTITY INFORMATION

| | |
|---|---|
| *TYPE | non-profit corporation |
| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | Washington |

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| *INTERNATIONAL CLASS | 041 |
| *IDENTIFICATION | Organizing and conducting athletic competitions and games in the field of basketball; Organizing, conducting and operating basketball tournaments |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/00/1990 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/00/1990 |
| SPECIMEN FILE NAME(S) | |
| ORIGINAL PDF FILE | SPE010-9765103118-20150120132516389890__19E1505.PDF |
| CONVERTED PDF FILE(S) (1 page) | \\TICRS\EXPORT16\IMAGEOUT16\865\088\86508877\xml1\FTK0003.JPG |
| SPECIMEN DESCRIPTION | screenshot of Applicant's website showing mark in use |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |
| *CONSENT (NAME/LIKENESS) (if applicable) | |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| | |
|---|---|
| NAME | Daniel M. Wadkins |
| ATTORNEY DOCKET NUMBER | S050-0003TMUS |

| FIRM NAME | Lee & Hayes PLLC |
|---|---|
| STREET | 601 W. Riverside Ave, Suite 1400 |
| CITY | Spokane |
| STATE | Washington |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 99201 |
| PHONE | 509-324-9256 |
| FAX | 509-323-8979 |
| EMAIL ADDRESS | trademarks@leehayes.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | J. Christopher Lynch, Jeffrey R. Smith, Rhett V. Barney, David A. Divine, Robert A. Madayag III, Andrew L. Eisenberg, Gabriel J. Gonzalez, Brian T. Mangum, Elizabeth L. Zinke and Lewis C. Lee |

## CORRESPONDENCE INFORMATION

| *NAME | Daniel M. Wadkins |
|---|---|
| FIRM NAME | Lee & Hayes PLLC |
| *STREET | 601 W. Riverside Ave, Suite 1400 |
| *CITY | Spokane |
| *STATE (Required for U.S. applicants) | Washington |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 99201 |
| PHONE | 509-324-9256 |
| FAX | 509-323-8979 |
| *EMAIL ADDRESS | trademarks@leehayes.com;dwadkins@leehayes.com; soniap@leehayes.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |

## FEE INFORMATION

| APPLICATION FILING OPTION | TEAS Plus |
|---|---|
| NUMBER OF | 1 |

| CLASSES | |
|---|---|
| FEE PER CLASS | 225 |
| *TOTAL FEE PAID | 225 |

## SIGNATURE INFORMATION

| * SIGNATURE | /Matt Santangelo/ |
|---|---|
| * SIGNATORY'S NAME | Matt Santangelo |
| * SIGNATORY'S POSITION | Executive Director |
| * DATE SIGNED | 01/20/2015 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 86508877
### Filing Date: 01/20/2015

## To the Commissioner for Trademarks:

**MARK:** HOOPFEST (Standard Characters, see mark)
The literal element of the mark consists of HOOPFEST.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Spokane Hoopfest Association, a non-profit corporation legally organized under the laws of Washington, having an address of
  601 West Riverside Ave, Suite 206
  Spokane, Washington 99201
  United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
  International Class 041:  Organizing and conducting athletic competitions and games in the field of basketball; Organizing, conducting and operating basketball tournaments

In International Class 041, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/00/1990, and first used in commerce at least as early as 06/00/1990, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) screenshot of Applicant's website showing mark in use.

**Original PDF file:**
SPE010-9765103118-20150120132516389890_._19E1505.PDF
**Converted PDF file(s)** (1 page)
Specimen File1

The applicant's current Attorney Information:
  Daniel M. Wadkins and J. Christopher Lynch, Jeffrey R. Smith, Rhett V. Barney, David A. Divine,

Robert A. Madayag III, Andrew L. Eisenberg, Gabriel J. Gonzalez, Brian T. Mangum, Elizabeth L. Zinke and Lewis C. Lee of Lee & Hayes PLLC

    601 W. Riverside Ave, Suite 1400

    Spokane, Washington 99201

    United States

The attorney docket/reference number is S050-0003TMUS.

 The applicant's current Correspondence Information:

    Daniel M. Wadkins

    Lee & Hayes PLLC

    601 W. Riverside Ave, Suite 1400

    Spokane, Washington 99201

    509-324-9256(phone)

    509-323-8979(fax)

    trademarks@leehayes.com;dwadkins@leehayes.com; soniap@leehayes.com (authorized)

**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $225 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

Signature: /Matt Santangelo/   Date Signed: 01/20/2015

Signatory's Name: Matt Santangelo

Signatory's Position: Executive Director

RAM Sale Number: 86508877
RAM Accounting Date: 01/21/2015

Serial Number: 86508877
Internet Transmission Date: Tue Jan 20 19:57:03 EST 2015
TEAS Stamp: USPTO/FTK-97.65.103.118-2015012019570302
3060-86508877-530266829a488ebec8342f749c
3f450cac3584dfae996dff9363592f7cd43f5c31
6-CC-6902-20150120132516389890

# HOOPFEST



HOME   ORGANIZATION   FAQS   CONTACT

GREETINGS   PLAY   PLAN YOUR STAY   VOLUNTEER   SPONSOR   SOCIAL   TEAM TRACKER

# Hoopfest is a 3-on-3 Basketball Tournament



Actually, Hoopfest is the biggest 3-on-3 street basketball tournament on the planet. That means over 7,000 teams, 3,000 volunteers, 250,000 players and fans, 456 courts spanning 42 downtown city blocks, and that's just on day one! Beyond basketball though, Hoopfest is an outdoor festival chock full of shopping, food, interactive entertainment, and every year brings something new. This year we celebrate our 25th anniversary with 25 years of teamwork and can't wait to see what happens in June!









**TEAM TRACKER**
Follow your teams!

**WANT TO VOLUNTEER?**
LEARN MORE

Hoopfest is a place for players of all ages and abilities from all over the country to come together in pursuit of the ultimate goal: to become a Hoopfest Champion. It's where friends and families gather and cheer at the top of their lungs for their favorite team. It's the chance to see a college superstar, or your dad, hustle like he's in the final game of the NBA finals. It's a place for your seven-year old to score her first basket.

Spokane Hoopfest is a 3-on-3 basketball tournament with something for everyone. With the help of countless volunteers, staff, sponsors, the City of Spokane, and let's not forget about the fans who show up to cheer on their teams, Hoopfest is an event like no other.



# Hoopfest is a 3-on-3 Basketball Tournament



Actually, Hoopfest is the biggest 3-on-3 street basketball tournament on the planet. That means over 7,000 teams, 3,000 volunteers, 250,000 players and fans, 456 courts spanning 42 downtown city blocks, and that's just on day one! Beyond basketball, though, Hoopfest is an outdoor festival chock full of shopping, food, interactive entertainment, and every year brings something new. This year we celebrate our 25th anniversary with 25 years of teamwork and can't wait to see what happens in June!





Hoopfest is a place for players of all ages and abilities from all over the country to come together in pursuit of the ultimate goal: to become a Hoopfest Champion. It's where friends and families gather and cheer at the top of their lungs for their favorite team. It's the chance to see a college superstar, or your dad hustle like he's in the final game of the NBA finals. It's a place for your seven year old to score her first basket.

Spokane Hoopfest is a 3-on-3 basketball tournament with something for everyone. With the help of countless volunteers, staff, sponsors, the City of Spokane, and let's not forget about the fans who show up to cheer on their teams, Hoopfest is an event like no other.





TEAM TRACKER
Follow your teams!

VOLUNTEER?

# HOOPFEST

# Exhibit "4"

PTO Form 1478 (Rev 09/06)
OMB No. 0651-4009 (Exp 09/30/3...

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

**Serial Number: 86508890**
**Filing Date: 01/20/2015**

*NOTE: Data fields with the \* are mandatory under TEAS Plus. The wording "(if applicable)" appears where the field is only mandatory under the facts of the particular application.*

---

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **TEAS Plus** | YES |
| **MARK INFORMATION** | |
| \*MARK | HOOPFEST |
| \*STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | HOOPFEST |
| \*MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| REGISTER | Principal |
| **APPLICANT INFORMATION** | |
| \*OWNER OF MARK | Spokane Hoopfest Association |
| \*STREET | 601 West Riverside Ave, Suite 206 |
| \*CITY | Spokane |
| \*STATE (Required for U.S. applicants) | Washington |
| \*COUNTRY | United States |
| \*ZIP/POSTAL CODE (Required for U.S. applicants) | 99201 |
| **LEGAL ENTITY INFORMATION** | |
| \*TYPE | non-profit corporation |

| * STATE/COUNTRY WHERE LEGALLY ORGANIZED | Washington |
|---|---|

## GOODS AND/OR SERVICES AND BASIS INFORMATION

| | |
|---|---|
| *INTERNATIONAL CLASS | 018 |
| *IDENTIFICATION | Athletic bags |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/00/1995 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/00/1995 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\865\088\86508890\xml1\ FTK0003.JPG |
| SPECIMEN DESCRIPTION | picture of goods bearing mark |
| *INTERNATIONAL CLASS | 025 |
| *IDENTIFICATION | Shirts; Shorts; Socks; Sweatshirts; T-shirts |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/00/1991 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/00/1991 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\865\088\86508890\xml1\ FTK0004.JPG |
| SPECIMEN DESCRIPTION | picture of goods bearing mark |
| *INTERNATIONAL CLASS | 028 |
| *IDENTIFICATION | Basketballs |
| *FILING BASIS | SECTION 1(a) |
| FIRST USE ANYWHERE DATE | At least as early as 06/00/1993 |
| FIRST USE IN COMMERCE DATE | At least as early as 06/00/1993 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\865\088\86508890\xml1\ FTK0005.JPG |
| SPECIMEN DESCRIPTION | picture of goods bearing mark |

## ADDITIONAL STATEMENTS INFORMATION

| | |
|---|---|
| *TRANSLATION (if applicable) | |
| *TRANSLITERATION (if applicable) | |
| *CLAIMED PRIOR REGISTRATION (if applicable) | |

| *CONSENT (NAME/LIKENESS) (if applicable) | |
| --- | --- |
| *CONCURRENT USE CLAIM (if applicable) | |

## ATTORNEY INFORMATION

| NAME | Daniel M. Wadkins |
| --- | --- |
| ATTORNEY DOCKET NUMBER | S050-0004TMUS |
| FIRM NAME | Lee & Hayes PLLC |
| STREET | 601 W. Riverside Ave, Suite 1400 |
| CITY | Spokane |
| STATE | Washington |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 99201 |
| PHONE | 509-324-9256 |
| FAX | 509-323-8979 |
| EMAIL ADDRESS | trademarks@leehayes.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | J. Christopher Lynch, Jeffrey R. Smith, Rhett V. Barney, David A. Divine, Robert A. Madayag III, Andrew L. Eisenberg, Gabriel J. Gonzalez, Brian T. Mangum, Elizabeth L. Zinke and Lewis C. Lee |

## CORRESPONDENCE INFORMATION

| *NAME | Daniel M. Wadkins |
| --- | --- |
| FIRM NAME | Lee & Hayes PLLC |
| *STREET | 601 W. Riverside Ave, Suite 1400 |
| *CITY | Spokane |
| *STATE (Required for U.S. applicants) | Washington |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE | 99201 |
| PHONE | 509-324-9256 |
| FAX | 509-323-8979 |
| *EMAIL ADDRESS | trademarks@leehayes.com;dwadkins@leehayes.com; |

| | soniap@leehayes.com |
|---|---|
| **\*AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |

| **FEE INFORMATION** | |
|---|---|
| **APPLICATION FILING OPTION** | TEAS Plus |
| **NUMBER OF CLASSES** | 3 |
| **FEE PER CLASS** | 225 |
| **\*TOTAL FEE PAID** | 675 |

| **SIGNATURE INFORMATION** | |
|---|---|
| **\* SIGNATURE** | /Matt Santangelo/ |
| **\* SIGNATORY'S NAME** | Matt Santangelo |
| **\* SIGNATORY'S POSITION** | Executive Director |
| **\* DATE SIGNED** | 01/20/2015 |

PTO Form 1478 (Rev 07/06)
OMB No. 0651-0009 (Exp. 02/28/2018)

# Trademark/Service Mark Application, Principal Register

## TEAS Plus Application

### Serial Number: 86508890
### Filing Date: 01/20/2015

## To the Commissioner for Trademarks:

**MARK:** HOOPFEST (Standard Characters, see mark)
The literal element of the mark consists of HOOPFEST.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Spokane Hoopfest Association, a non-profit corporation legally organized under the laws of Washington, having an address of
    601 West Riverside Ave, Suite 206
    Spokane, Washington 99201
    United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 018:  Athletic bags

In International Class 018, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/00/1995, and first used in commerce at least as early as 06/00/1995, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) picture of goods bearing mark.
Specimen File1

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 025:  Shirts; Shorts; Socks; Sweatshirts; T-shirts

In International Class 025, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/00/1991, and first used in commerce at least as early as 06/00/1991, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed

goods/services, consisting of a(n) picture of goods bearing mark.
Specimen File1

**For specific filing basis information for each item, you must view the display within the Input Table.**
International Class 028:  Basketballs

In International Class 028, the mark was first used by the applicant or the applicant's related company or licensee predecessor in interest at least as early as 06/00/1993, and first used in commerce at least as early as 06/00/1993, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) picture of goods bearing mark.
Specimen File1

The applicant's current Attorney Information:
Daniel M. Wadkins and J. Christopher Lynch, Jeffrey R. Smith, Rhett V. Barney, David A. Divine, Robert A. Madayag III, Andrew L. Eisenberg, Gabriel J. Gonzalez, Brian T. Mangum, Elizabeth L. Zinke and Lewis C. Lee of Lee & Hayes PLLC
601 W. Riverside Ave, Suite 1400
Spokane, Washington 99201
United States
The attorney docket/reference number is S050-0004TMUS.
The applicant's current Correspondence Information:
Daniel M. Wadkins

Lee & Hayes PLLC

601 W. Riverside Ave, Suite 1400

Spokane, Washington 99201

509-324-9256(phone)

509-323-8979(fax)

trademarks@leehayes.com;dwadkins@leehayes.com; soniap@leehayes.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $675 has been submitted with the application, representing payment for 3 class(es).

## Declaration

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the

benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.


Signature: /Matt Santangelo/   Date Signed: 01/20/2015
Signatory's Name: Matt Santangelo
Signatory's Position: Executive Director


RAM Sale Number: 86508890
RAM Accounting Date: 01/21/2015

Serial Number: 86508890
Internet Transmission Date: Tue Jan 20 20:16:29 EST 2015
TEAS Stamp: USPTO/FTK-97.65.103.118-2015012020162968
5745-86508890-530a1344351652e10f8543672f
f7f541f8ebfd24f24a9e9da4eb3818cf6934db-C
C-8039-20150120135202247075

# HOOPFEST







# Exhibit "5"

| **To:** | Spokane Hoopfest Association (trademarks@leehayes.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86508890 - HOOPFEST - S050-0004TMU |
| **Sent:** | 5/2/2015 2:56:44 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | Attachment - 1 |
| | Attachment - 2 |

## UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)
### OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION

**U.S. APPLICATION SERIAL NO.** 86508890

**MARK:** HOOPFEST

**CORRESPONDENT ADDRESS:**
   DANIEL M. WADKINS
   LEE & HAYES PLLC
   601 W RIVERSIDE AVE STE 1400
   SPOKANE, WA 99201-0627

# *86508890*

**CLICK HERE TO RESPOND TO THIS** |
http://www.uspto.gov/trademarks/teas/response

VIEW YOUR APPLICATION FILE

**APPLICANT:** Spokane Hoopfest Association

**CORRESPONDENT'S REFERENCE/DOCKET NO :**
   S050-0004TMU
**CORRESPONDENT E-MAIL ADDRESS:**
   trademarks@leehayes.com

## OFFICE ACTION

### STRICT DEADLINE TO RESPOND TO THIS LETTER
TO AVOID ABANDONMENT OF APPLICANT'S TRADEMARK APPLICATION, THE USPTO MUST RECEIVE APPLICANT'S COMPLETE RESPONSE TO THIS LETTER **WITHIN 6 MONTHS** OF THE ISSUE/MAILING DATE BELOW.

**ISSUE/MAILING DATE:** 5/2/2015

The referenced application has been reviewed by the assigned trademark examining attorney.  Applicant must respond timely and completely to the issue(s) below.  15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SUMMARY OF ISSUES that applicant must address:

- Section 2(d) Refusal – Likelihood of Confusion
- Mark Differs on Drawing and Specimen – Class 025 Only

## I.        SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. **1552319**. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the enclosed registration.

Trademark Act Section 2(d) bars registration of an applied-for mark that so resembles a registered mark that it is likely a potential consumer would be confused, mistaken, or deceived as to the source of the goods and/or services of the applicant and registrant. *See* 15 U.S.C. §1052(d). A determination of likelihood of confusion under Section 2(d) is made on a case-by case basis and the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973) aid in this determination. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d 1344, 1349, 98 USPQ2d 1253, 1256 (Fed. Cir. 2011) (citing *On-Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1474 (Fed. Cir. 2000)). Not all the *du Pont* factors, however, are necessarily relevant or of equal weight, and any one of the factors may control in a given case, depending upon the evidence of record. *Citigroup Inc. v. Capital City Bank Grp., Inc.*, 637 F.3d at 1355, 98 USPQ2d at 1260; *In re Majestic Distilling Co.*, 315 F.3d 1311, 1315, 65 USPQ2d 1201, 1204 (Fed. Cir. 2003); *see In re E. I. du Pont de Nemours & Co.*, 476 F.2d at 1361-62, 177 USPQ at 567.

In this case, the following factors are the most relevant: similarity of the marks, similarity and nature of the goods and/or services, and similarity of the trade channels of the goods and/or services. *See In re Viterra Inc.*, 671 F.3d 1358, 1361-62, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012); *In re Dakin's Miniatures Inc.*, 59 USPQ2d 1593, 1595-96 (TTAB 1999); TMEP §§1207.01 *et seq.*

For the following reasons, the examining attorney concludes that there exists a likelihood of confusion between applicant's proposed mark, **HOOPFEST**, for "Athletic bags" in Class 018, "Shirts; Shorts; Socks; Sweatshirts; T-shirts" in Class 025, and "Basketballs" in Class 028, and registrant's mark, **HOOP-FEST** (w/ design), for "Entertainment services in the nature of basketball tournaments."

*A. Similarity of the Marks*

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908 (Fed. Cir. 2012) (quoting *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973)); TMEP §1207.01(b)-(b)(v). Similarity in any one of these elements may be sufficient to find the marks confusingly similar. *In re White Swan Ltd.*, 8 USPQ2d 1534, 1535 (TTAB 1988); *see In re 1st USA Realty Prof'ls, Inc.* , 84 USPQ2d 1581, 1586 (TTAB 2007); TMEP §1207.01(b).

Here, applicant's mark is the wording HOOPFEST in standard characters, and registrant's mark is the wording HOOP-FEST in stylized form with a design of basketball players with a background design consisting of a rectangle and horizontal lines. For a composite mark containing both words and a design, the word portion may be more likely to be impressed upon a purchaser's memory and to be used when requesting the goods and/or services. *Joel Gott Wines, LLC v. Rehoboth Von Gott, Inc.*, 107 USPQ2d 1424, 1431 (TTAB 2013) (citing *In re Dakin's Miniatures, Inc.* , 59 USPQ2d 1593, 1596 (TTAB 1999)); TMEP §1207.01(c)(ii); *see In re Viterra Inc.*, 671 F.3d 1358, 1362, 101 USPQ2d 1905, 1908, 1911 (Fed.

Cir. 2012) (citing *CBS Inc. v. Morrow*, 708 F. 2d 1579, 1581-82, 218 USPQ 198, 200 (Fed. Cir 1983)). Thus, although such marks must be compared in their entireties, the word portion is often considered the dominant feature and is accorded greater weight in determining whether marks are confusingly similar, even where the word portion has been disclaimed. *In re Viterra Inc.*, 671 F.3d at 1366, 101 USPQ2d at 1911 (Fed. Cir. 2012) (citing *Giant Food, Inc. v. Nation's Foodservice, Inc.*, 710 F.2d 1565, 1570-71, 218 USPQ2d 390, 395 (Fed. Cir. 1983)). Here, the wording HOOP-FEST in registrant's mark is most likely to be used by consumers in requesting goods. Consistent with the above, HOOP-FEST is appropriately viewed as the dominant portion of registrant's mark for purposes of assessing likelihood of confusion.

Further, applicant's mark is in standard characters. A mark in typed or standard characters may be displayed in any lettering style; the rights reside in the wording or other literal element and not in any particular display or rendition. *See In re Viterra Inc.*, 671 F.3d 1358, 1363, 101 USPQ2d 1905, 1909 (Fed. Cir. 2012); *In re Mighty Leaf Tea*, 601 F.3d 1342, 1348, 94 USPQ2d 1257, 1260 (Fed. Cir. 2010); 37 C.F.R. §2.52(a); TMEP §1207.01(c)(iii). Thus, a mark presented in stylized characters and/or with a design element generally will not avoid likelihood of confusion with a mark in typed or standard characters because the marks could be presented in the same manner of display. *See, e.g., In re Viterra Inc.*, 671 F.3d at 1363, 101 USPQ2d at 1909; *Squirtco v. Tomy Corp.*, 697 F.2d 1038, 1041, 216 USPQ 937, 939 (Fed. Cir. 1983) (stating that "the argument concerning a difference in type style is not viable where one party asserts rights in no particular display"). Thus, as the applied-for mark is in standard characters, the lack of stylization in the drawing does not obviate a likelihood of confusion because applicant's mark could be presented in the same or substantially similar stylization as that employed in registrant's mark. The wording present in the two marks is nearly identical, HOOPFEST vs. HOOP-FEST.

*B. Relatedness of the Goods/Services*

The goods and/or services of the parties need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000) ("[E]ven if the goods in question are different from, and thus not related to, one another in kind, the same goods can be related in the mind of the consuming public as to the origin of the goods."); TMEP §1207.01(a)(i).

The respective goods and/or services need only be "related in some manner and/or if the circumstances surrounding their marketing [be] such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); *Gen. Mills Inc. v. Fage Dairy Processing Indus. SA*, 100 USPQ2d 1584, 1597 (TTAB 2011); TMEP §1207.01(a)(i).

Here, registrant's services are "Entertainment services in the nature of basketball tournaments." Applicant's goods are "Athletic bags" in Class 018, "Shirts; Shorts; Socks; Sweatshirts; T-shirts" in Class 025, and "Basketballs" in Class 028, which appear to be in the nature of promotionally branded goods offered in relation with applicant's services in copending application Ser. No. 86508877, "Organizing and conducting athletic competitions and games in the field of basketball; Organizing, conducting and operating basketball tournaments." Given the high degree of similarity between the applied-for mark and the registered mark, consumers encountering such goods offered in connection with the operation of basketball tournaments are likely to reasonably but mistakenly believe the goods and services emanate from a single source.

C.    *Conclusion*

The overriding concern is not only to prevent buyer confusion as to the source of the goods and/or services, but to protect the registrant from adverse commercial impact due to use of a similar mark by a newcomer. *See In re Shell Oil Co.*, 992 F.2d 1204, 1208, 26 USPQ2d 1687, 1690 (Fed. Cir. 1993). Therefore, any doubt regarding a likelihood of confusion determination is resolved in favor of the registrant. TMEP §1207.01(d)(i); *see Hewlett-Packard Co. v. Packard Press, Inc.*, 281 F.3d 1261, 1265, 62 USPQ2d 1001, 1003 (Fed. Cir. 2002); *In re Hyper Shoppes (Ohio), Inc.*, 837 F.2d 463, 464-65, 6 USPQ2d 1025, 1026 (Fed. Cir. 1988).

In light of the above, registration is refused under Trademark Act Section 2(d), 15 U.S.C. §1052(d).

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.

## II.    MARK DIFFERS ON DRAWING AND SPECIMEN – CLASS 025 ONLY

Registration is refused because the specimen does not show the applied-for mark in the drawing in use in commerce in International Class 025. Trademark Act Sections 1 and 45, 15 U.S.C. §§1051, 1127; 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a), 1301.04(g)(i). Specifically, the specimen displays the mark as HOOPFEST36 and appears to have an additional, illegible character of some type preceding hoopfest; however, the drawing displays the mark as HOOPFEST.

The drawing shows the mark sought to be registered, and must be a substantially exact representation of the mark as used on or in connection with the goods and/or services, as shown by the specimen. 37 C.F.R. §2.51(a); TMEP §807.12(a). Because the mark in the drawing is not a substantially exact representation of the mark on the specimen, applicant has failed to provide the required evidence of use of the applied-for mark in commerce on or in connection with applicant's goods and/or services. *See* TMEP §807.12(a).

An application based on Trademark Act Section 1(a) must include a specimen showing the applied-for mark in use in commerce for each international class of goods and/or services identified in the application or amendment to allege use. 15 U.S.C. §1051(a)(1); 37 C.F.R. §§2.34(a)(1)(iv), 2.56(a); TMEP §§904, 904.07(a).

Examples of specimens for goods include tags, labels, instruction manuals, containers, photographs that show the mark on the actual goods or packaging, and displays associated with the actual goods at their point of sale. *See* TMEP §§904.03 *et seq.* Webpages may also be specimens for goods when they include a picture or textual description of the goods associated with the mark and the means to order the goods. TMEP §904.03(i). Examples of specimens for services include advertising and marketing materials, brochures, photographs of business signage and billboards, and webpages that show the mark used in the actual sale, rendering, or advertising of the services. *See* TMEP §1301.04(a), (h)(iv)(C).

Regarding whether applicant may submit an amended drawing in response to this refusal, applicant is advised that the drawing of a mark can be amended only if the amendment does not materially alter the mark as originally filed. 37 C.F.R. §2.72(a)(2); *see* TMEP §§807.12(a), 807.14 *et seq.* In this case, amending the mark in the drawing to conform to the mark on the specimen would be a material alteration and would not be accepted, because the difference between the mark in the specimen and the drawing is significant and each mark creates a different commercial impression. The applied-for mark appearing in the drawing, HOOPFEST, does not create an impression relating at all to numbers of any kind. This

insertion of numerical characters at the end of the wording would thus alter the impression significantly, as such numerical designators are not simply in the nature of generic wording, which could be added to or removed from marks without altering the impression of the mark as applied to the identified goods.

Applicant may respond to this refusal by satisfying one of the following for each applicable international class:

(1) Submit a different specimen (a verified "substitute" specimen) that (a) was in actual use in commerce at least as early as the filing date of the application or prior to the filing of an amendment to allege use and (b) shows the applied-for mark in actual use in commerce for the goods and/or services identified in the application or amendment to allege use.

(2) Amend the filing basis to intent to use under Section 1(b), for which no specimen is required. This option will later necessitate additional fee(s) and filing requirements such as providing a specimen at a subsequent date.

For an overview of *both* response options referenced above and instructions on how to satisfy either option online using the Trademark Electronic Application System (TEAS) form, please go to http://www.uspto.gov/trademarks/law/J3_1.jsp.

**RESPONSE GUIDELINES**

For this application to proceed toward registration, applicant must explicitly address each refusal and/or requirement raised in this Office action. If the action includes a refusal, applicant may provide arguments and/or evidence as to why the refusal should be withdrawn and the mark should register. Applicant may also have other options for responding to a refusal and should consider such options carefully. To respond to requirements and certain refusal response options, applicant should set forth in writing the required changes or statements and request that the Office enter them into the application record.

Applicant's response must be properly signed by (1) the individual applicant (for joint individual applicants, both must sign) or (2) someone with legal authority to bind a juristic applicant (e.g., a corporate officer or general partner). *See* 37 C.F.R. §§2.62(b), 2.193(a), (e)(2)(ii); TMEP §§611.03(b), 611.06 *et seq.*, 712.01. If applicant retains an attorney, the attorney must sign the response. 37 C.F.R. §2.193(e)(2)(i); TMEP §§611.03(b), 712.01. The individual(s) signing must personally sign or personally enter his/her electronic signature. *See* 37 C.F.R. §2.193(a), (e)(2)(ii); TMEP §§611.01(b), 611.02.

If applicant does not respond to this Office action within six months of the issue/mailing date, or responds by expressly abandoning the application, the application process will end, the trademark will fail to register, and the application fee will not be refunded. *See* 15 U.S.C. §1062(b); 37 C.F.R. §§2.65(a), 2.68(a), 2.209(a); TMEP §§405.04, 718.01, 718.02. In such case, applicant's only option would be to file a timely petition to revive the application, which, if granted, would allow the application to return to live status. *See* 37 C.F.R. §2.66; TMEP §1714. There is a $100 fee for such petitions. *See* 37 C.F.R. §§2.6, 2.66(b)(1).

**TEAS PLUS OR TEAS REDUCED FEE (TEAS RF) APPLICANTS – TO MAINTAIN LOWER FEE, ADDITIONAL REQUIREMENTS MUST BE MET, INCLUDING SUBMITTING DOCUMENTS ONLINE:** Applicants who filed their application online using the lower-fee TEAS Plus or TEAS RF application form must (1) file certain documents online using TEAS, including responses to Office actions (see TMEP §§819.02(b), 820.02(b) for a complete list of these documents); (2) maintain a

valid e-mail correspondence address; and (3) agree to receive correspondence from the USPTO by e-mail throughout the prosecution of the application. *See* 37 C.F.R. §§2.22(b), 2.23(b); TMEP §§819, 820. TEAS Plus or TEAS RF applicants who do not meet these requirements must submit an additional processing fee of $50 per international class of goods and/or services. 37 C.F.R. §§2.6(a)(1)(v), 2.22(c), 2.23(c); TMEP §§819.04, 820.04. However, in certain situations, TEAS Plus or TEAS RF applicants may respond to an Office action by authorizing an examiner's amendment by telephone without incurring this additional fee.

/Kevin S. Corwin/
Trademark Examining Attorney
Law Office 112
571-270-1521 (Voice)
571-270-2521 (Fax)
Kevin.Corwin@uspto.gov

**TO RESPOND TO THIS LETTER:** Go to http://www.uspto.gov/trademarks/teas/response_forms.jsp. Please wait 48-72 hours from the issue/mailing date before using the Trademark Electronic Application System (TEAS), to allow for necessary system updates of the application. For *technical* assistance with online forms, e-mail TEAS@uspto.gov. For questions about the Office action itself, please contact the assigned trademark examining attorney. **E-mail communications will not be accepted as responses to Office actions; therefore, do not respond to this Office action by e-mail.**

**All informal e-mail communications relevant to this application will be placed in the official application record.**

**WHO MUST SIGN THE RESPONSE:** It must be personally signed by an individual applicant or someone with legal authority to bind an applicant (i.e., a corporate officer, a general partner, all joint applicants). If an applicant is represented by an attorney, the attorney must sign the response.

**PERIODICALLY CHECK THE STATUS OF THE APPLICATION:** To ensure that applicant does not miss crucial deadlines or official notices, check the status of the application every three to four months using the Trademark Status and Document Retrieval (TSDR) system at http://tsdr.uspto.gov/. Please keep a copy of the TSDR status screen. If the status shows no change for more than six months, contact the Trademark Assistance Center by e-mail at TrademarkAssistanceCenter@uspto.gov or call 1-800-786-9199. For more information on checking status, see http://www.uspto.gov/trademarks/process/status/.

**TO UPDATE CORRESPONDENCE/E-MAIL ADDRESS:** Use the TEAS form at http://www.uspto.gov/trademarks/teas/correspondence.jsp.

**Print: Apr 23, 2015**                    **73764753**

**DESIGN MARK**

**Serial Number**
73764753

**Status**
REGISTERED AND RENEWED

**Word Mark**
HOOP-FEST

**Standard Character Mark**
No

**Registration Number**
1552319

**Date Registered**
1989/08/15

**Type of Mark**
SERVICE MARK

**Register**
PRINCIPAL

**Mark Drawing Code**
(3) DESIGN PLUS WORDS, LETTERS AND/OR NUMBERS

**Owner**
VALENTINE HANSEN AND COMPANY, INC. CORPORATION ARKANSAS 400 NORTH VAN
BUREN LITTLE ROCK ARKANSAS 72205

**Goods/Services**
Class Status -- ACTIVE.  IC 041.  US  107.  G & S: ENTERTAINMENT
SERVICES IN THE NATURE OF BASKETBALL TOURNAMENTS.  First Use:
1988/06/04.  First Use In Commerce: 1988/06/04.

**Lining/Stippling Statement**
THE STIPPLING IS A FEATURE OF THE MARK AND DOES NOT REPRESENT COLOR.

**Filing Date**
1988/11/21

**Examining Attorney**
MCDONALD, MARY KAY

**Attorney of Record**
H. Bradley Walker

-1-



| **To:** | Spokane Hoopfest Association (trademarks@leehayes.com) |
|---|---|
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86508890 - HOOPFEST - S050-0004TMU |
| **Sent:** | 5/2/2015 2:56:46 PM |
| **Sent As:** | ECOM112@USPTO.GOV |
| **Attachments:** | |

### UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)

## IMPORTANT NOTICE REGARDING YOUR
## U.S. TRADEMARK APPLICATION

### USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED
### ON 5/2/2015 FOR U.S. APPLICATION SERIAL NO. 86508890

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) TIMELY RESPONSE IS REQUIRED:** Please carefully review the Office action to determine (1) how to respond, and (2) the applicable response time period. Your response deadline will be calculated from 5/2/2015 (*or sooner if specified in the Office action*). For information regarding response time periods, see http://www.uspto.gov/trademarks/process/status/responsetime.jsp.

**Do NOT hit "Reply" to this e-mail notification, or otherwise e-mail your response** because the USPTO does NOT accept e-mails as responses to Office actions. Instead, the USPTO recommends that you respond online using the Trademark Electronic Application System (TEAS) response form located at http://www.uspto.gov/trademarks/teas/response_forms.jsp.

**(3) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**Failure to file the required response by the applicable response deadline will result in the**

**ABANDONMENT of your application.** For more information regarding abandonment, see http://www.uspto.gov/trademarks/basics/abandon.jsp.

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.